## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RODNEY PETER CANETE, | DOCKET NUMBER |
| Appellant, | NY-0845-21-0061-I-3 |
| v. | |
| OFFICE OF PERSONNEL | DATE: May 26, 2026 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Kleinman, Esquire, Houston, Texas, for the appellant.

Bernard Canete, Scotch Plains, New Jersey, for the appellant.

Angerlia D. Johnson and Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that the appellant received an overpayment in disability retirement benefits. On petition for review, the appellant disputes the administrative judge's findings that he was not entitled to a waiver of the overpayment based on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

financial hardship, detrimental reliance, or unconscionability. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

To be entitled to a waiver, the appellant must show that he was both without fault in creating the overpayment and that recovery of the overpayment would be against equity and good conscience. 5 U.S.C. § 8470(b); *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 18 (2011); 5 C.F.R. § 845.301. Generally, recovery is against equity and good conscience when it would cause financial hardship, the appellant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 6 (2008); 5 C.F.R. § 845.303. The appellant

---

[2] After the close of the record on petition for review, the appellant sought to submit additional evidence. Petition for Review (PFR) File, Tab 7 at 4-5. That request was granted, and the appellant's additional filings have been considered. PFR File, Tabs 10-14. The agency has filed an untimely response to the appellant's additional evidence and has not set forth good cause for its filing delay. PFR File, Tab 16. Thus, we have not considered the agency's response.

bears the burden of establishing his entitlement to a waiver by substantial evidence. *Spinella*, 109 M.S.P.R. 185, ¶ 6; 5 C.F.R. § 845.307(b).

In analyzing a claim of financial hardship, the Board compares the appellant's monthly income and monthly expenses throughout the period during which collection is scheduled to be made. *Spinella*, 109 M.S.P.R. 185, ¶ 11; 5 C.F.R. § 845.304. Monthly income is the appellant's monthly income from all sources as stated on his Financial Resources Questionnaire (FRQ), including income received by any other family member for whom the appellant claims ordinary and necessary living expenses. *Fusco v. Office of Personnel Management*, 42 M.S.P.R. 501, 506 (1989);[3] *see* 5 C.F.R. § 845.304(a)(2). Monthly expenses are calculated by adding the following figures: (1) the appellant's ordinary and necessary monthly expenses; and (2) $50 for emergency expenses, as allowed by OPM. *Spinella*, 109 M.S.P.R. 185, ¶ 11. The total monthly expense figure is then subtracted from total monthly income to ascertain the appellant's income/expense margin. *Id.* Once an appellant's income/expense margin is determined, the Board will consider the appellant's total financial condition and determine whether the appellant needs substantially all his current income and liquid assets to meet current and ordinary living expenses and liabilities, in which case, financial hardship may be deemed to exist. *Id.*

Ordinary and necessary living expenses include rent, mortgage payments, utilities, maintenance, food, clothing, insurance (life, health, and accident), taxes, installment payments, medical expenses, support expenses when the annuitant is legally responsible, and other miscellaneous expenses which the individual can establish as being ordinary and necessary. *Stewart v. Office of Personnel Management*, 102 M.S.P.R. 272, ¶ 7 (2006); 5 C.F.R. § 845.305. In determining whether living expenses are "ordinary and necessary," the Board applies a

---

[3] We recognize that *Fusco* concerns an overpayment of benefits under the Civil Service Retirement System, but the Board has applied the principles articulated therein to Federal Employees' Retirement System cases as well. *See Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 9 n.3 (2012); *Spinella*, 109 M.S.P.R. 185, ¶¶ 1. 7.

reasonable person test regardless of the annuitant's accustomed standard of living, taking into account the discrete circumstances particular to individual situations. *Stewart*, 102 M.S.P.R. 272, ¶ 7. The Board will give the appellant the benefit of the doubt unless the expense clearly constitutes an extravagance or a luxury. *Malone v. Office of Personnel Management*, 113 M.S.P.R. 107, ¶ 7 (2010). Unless OPM raises a specific challenge or the appellant's information concerning his income and expenses appears incomplete or unreasonable on its face, the appellant is not required to substantiate his expenses and income. *Gulan v. Office of Personnel Management*, 86 M.S.P.R. 16, ¶ 12 (2000).

On his FRQ, the appellant identified a $9,539.91 expense for film school in Barcelona, Spain, during the academic year of 2021-2022; a $6,534.30 expense for a BFA filmmaking program at Montclair State University he was accepted into in June 2021; and a $5,471.00 expense for a filmmaking course with the New York Film Academy in Florence, Italy, in June 2022. *Canete v. Office of Personnel Management*, MSPB Docket No. NY-0845-21-0061-I-3, Appeal File, Tab 7, Initial Decision (ID) at 10-12; *Canete v. Office of Personnel Management*, MSPB Docket No. NY-0845-21-0061-I-2, Appeal File, Tab 25 at 28. Although the administrative judge credited the appellant's testimony that filmmaking school assisted him with his past trauma, she found that the specific courses and programs he enrolled in were not an ordinary and necessary form of trauma recovery and thus did not include those tuition expenses in calculating his monthly income/expense margin.[4] ID at 10-12. The appellant disputes this finding on review, arguing that it is inconsistent with the administrative judge's acknowledgment that filmmaking "assisted" with processing trauma and that "there is no legal basis, therefore, to discount the film school expenses as necessary health recovery expenses, in addition to them being unforgivable debts incurred." Petition for Review (PFR) File, Tab 1 at 25-26. In support of his

---

[4] The administrative judge also found that these expenses were incurred after the agency notified the appellant of the overpayment in September 2020. ID at 11-12.

claim, the appellant submits an October 1, 2024 letter from his psychiatrist stating that "attending film school has . . . been therapeutic for [the appellant] recovering as a fully functional psychiatrist." PFR File, Tab 10 at 4. However, even if the administrative judge had included the tuition expenses in her calculation, they would have only reduced the appellant's monthly income/expense margin to $1,095.12.[5] Therefore, she nevertheless correctly found that the appellant did not need substantially all his current income and liquid assets to meet current and ordinary living expenses and liabilities. *See Spinella*, 109 M.S.P.R. 185, ¶ 11. Regarding the appellant's evidence and argument on review that recovery of the overpayment would prevent him from returning to private psychiatric practice—specifically, evidence of the cost of various fitness for duty and competency evaluations, PFR File, Tab 7 at 5, Tabs 11-14—the Board need not consider whether such a "speculative" anticipated expense is ordinary or necessary here, because any future effect it may have on the appellant's ability to pay may be addressed by a mid-collection request to OPM for lower payments, compromise, suspension, or write-off, *Malone*, 113 M.S.P.R. 104, ¶ 11 (citing *Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 137 (1991), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992) (Table)). Accordingly, we agree with the administrative judge that the appellant has not established that recovery of the overpayment at the rate of $100.00 per month would cause financial hardship. ID at 13, 18-19.

For the reasons set forth in the initial decision, we also agree with the administrative judge that the appellant has not shown that he is entitled to a waiver based on detrimental reliance or unconscionability. ID at 13-19. The appellant's renewed arguments on review amount to mere disagreement with the administrative judge's findings and do not provide a basis to disturb the initial

---

[5] The administrative judge determined that the appellant's monthly income/expense margin was $2,990.55. ID at 13. Later in the initial decision, she states that the margin is $2,890.55, but based on the expenses she included in her calculation, this appears to be a typographical error.

decision.  *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (finding that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (explaining that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 257, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.